Samuel N. BROWN, Petitioner–Appellant,

v.

**ATTORNEY GENERAL OF the State of CALIFORNIA; James E. Hall Warden, Respondents–Appellees.**

No. 07–15289.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 2008.

Filed Sept. 11, 2008.

Samuel N. Brown, Blythe, CA, pro se.

Karyn H. Bucur, Esquire, Attorney at Law, Laguna Hills, CA, for Petitioner–Appellant.

Mathew Chan, Esquire, Tami M. Warwick, Esquire, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: THOMPSON and WARDLAW, Circuit Judges, and MOSKOWITZ, District Court Judge.*

## MEMORANDUM **

Samuel N. Brown ("Brown"), a California state prisoner, appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction by jury trial for attempted murder and mayhem. Brown argues that his Sixth Amendment right to counsel was violated when his attorney failed to investigate his alibi defense and then failed to present it until after the defense rested. Brown also argues that his attorney was ineffective for failing to present evidence proving Brown did not possess a specific physical identifying trait possessed by the shooter—a limp.

In order to make out a claim for ineffective assistance, a petitioner must demonstrate both that his counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Following the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner "must show that the [state court] applied *Strickland* to the facts of [the] case in an objectively unreasonable manner." *Bell v. Cone,* 535 U.S. 685, 699, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).

Brown has not shown that further investigation of his alibi would have produced anything significant or that a different presentation of the defense would have been more convincing. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Brown also has failed to show that his trial attorney acted unreasonably in determining that it would be difficult to prove that Brown did not have a limp and that it would be potentially damaging to present such evidence. *See Bell,* 535 U.S. at 702, 122 S.Ct. 1843 ("[A] court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." (*citing Strickland,* 466 U.S. at 689, 104 S.Ct. 2052)). We conclude that the state court did not apply *Strickland* in an "objectively unreasonable manner." *Bell,* 535 U.S. at 687, 122 S.Ct. 1843

We decline to broaden the Certificate of Appealability to incorporate the uncertified issues.

**AFFIRMED.**

---

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.